aEE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ACE HARDWARE CORP., | ) |
| Plaintiff, | ) |
| v. | ) No. 09 C 7738 |
| | ) Judge John W. Darrah |
| THE EXPO GROUP, L.P., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ace Hardware Corporation ("Ace"), brought suit against The Expo Group, L.P. ("Expo"), seeking a declaratory judgment that no contract currently exists between Ace and Expo. Before the Court is Expo's motion to compel proceedings and stay this action or, in the alternative, to dismiss for failure to state a claim.

## BACKGROUND

In 1996, Expo and Ace entered into a contract ("the 1996 Contract"), whereby Expo would produce Ace's bi-annual trade shows for a term of ten years. In 2005, the parties began discussing an extension to the 1996 Contract. Ace alleges that the parties never entered into a new contract but that the parties continued to operate pursuant to the terms of the 1996 Contract. Expo takes the position that the parties entered into a new contract in 2007 ("the 2007 Contract"). The 2007 Contract contains an arbitration clause, which provides, in part:

> Any controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be subject to arbitration in accordance with the Commerce Arbitration Rules of the American Arbitration Association, and such arbitration shall be held in the City of Dallas, Texas.

In December 2009, Ace brought suit in this Court against Expo. The sole count in Ace's Complaint sought a declaratory judgment that it had not entered into a contract with Expo. On February 17, 2010, Expo filed a motion to dismiss or, in the alternative, transfer the case to the Northern District of Texas. On June 8, 2010, the Court denied Expo's motion; and on the same day, Expo filed its Answer and Counterclaim. Expo's Counterclaim seeks damages for breach of contract and unjust enrichment based on Ace's breach of the 2007 Contract.

On December 16, 2010, Ace filed an Amended Complaint. The Amended Complaint retains the request for declaratory relief sought by Ace in the initial Complaint. It adds a second count, pled in the alternative to Count I, alleging that if the 2007 Contract is valid, Ace is entitled to damages as the result of Expo's breach thereof.

Expo filed the instant motion to compel arbitration or, in the alternative, to dismiss on December 30, 2010.

## ANALYSIS

*Motion to Compel Arbitration*

The fundamental dispute in this case is whether the parties formed a new contract in 2007. This was the sole issue presented in Ace's initial Complaint, and both Ace's claim and Expo's counterclaim for breach of contract depend on the resolution of this issue.

This issue cannot be resolved through arbitration. The Supreme Court recently affirmed that "whether parties have agreed to submit a particular dispute to arbitration is typically an issue for judicial determination." *Granite Rock Co. v. International Broth. of Teamsters*, 130 S.Ct. 2847, 2855 (2010) (internal quotations and modifications omitted). The Court further affirmed that it is "well settled that where the dispute at issue concerns contract formation, the dispute is

generally for courts to decide." *Id.* at 2855-56. Thus, even if Expo is correct that the parties' breach of contract claims should be resolved by arbitration, the issue of contract formation must be resolved first by the Court. Therefore, Expo's motion to compel arbitration and stay proceedings is denied.

*Motion to Dismiss*

Expo argues that Ace's breach-of-contract claim must be dismissed because Ace has not pled the satisfaction of all conditions precedent to the contract. Expo argues that under Illinois law, a plaintiff must plead the satisfaction of all conditions precedent. However, pleading requirements in federal court are governed by federal law rather than state law. *See Sibel Products, Inc. v. Gaming Partners Intern. Corp.*, 2009 WL 5166211, at *2 (S.D. Ill. 2009) (citing *Johnson v. Hondo, Inc.*, 125 F.3d 408, 417 (7th Cir. 1997)).

Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Ace's breach-of-contract claim gives Expo fair notice as to the nature of its claim and, therefore, meets this standard.

Expo moves to dismiss on the additional ground that Ace did not provide Expo with notice that Expo's performance was not satisfactory, as required by the 2007 Contract. The notice requirements to which Expo cites, however, are in different paragraphs than the clause upon which Ace's claim is based. Specifically, the requirements Expo cites are in the second and

third paragraphs of Part 6 of the contract; Ace bases its claim on the first paragraph of Part 6, which contains no notice requirement.

Expo also argues that Ace's claim should be dismissed based on Part 10 of the 2007 Contract, which states, in part: "This Contract is cancelable in the event of nonperformance." As Ace points out, however, it is not seeking to cancel the contract; rather, it is suing because it was overcharged. Expo has cited no caselaw that would support a dismissal under Rule 12(b)(6) based on language similar to the cited provision.

## CONCLUSION

For the foregoing reasons, Expo's motion to compel arbitration or, in the alternative, to dismiss is denied. A status hearing is set for March 17, 2011, at 9:30 a.m.. The parties shall then address whether the parties' breach-of-contract claims should be stayed (and possibly sent to arbitration) following a determination of whether a contract exists between the parties.

Dated: 2-23-11

JOHN W. DARRAH
United States District Court Judge